CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
DEC 1 9 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

RYDER TRUCK RENTAL, INC., )
JAMES DAVID BLACK )
)
    Plaintiffs, )   Case No.: 5:05CV00054
v. )
) **OPINION**
KOHL'S DEPARTMENT STORES, INC., )  By: Hon. Glen E. Conrad
LIBERTY MUTUAL INSURANCE CO. )  United States District Judge
)
    Defendants. )

Ryder Truck Rental, Inc. and James David Black bring this action pursuant to 28 U.S.C. § 1332 against Kohl's Department Stores, Inc. and Liberty Mutual Insurance Co., alleging that the defendants breached a contract to defend, indemnify, and provide liability insurance coverage to the plaintiffs. The case was filed in this court on August 12, 2005. Return of service on CT Corporation System for Kohl's and Liberty Mutual occurred on August 19, 2005. The plaintiffs filed a motion for default judgment on September 13, 2005, because the defendants had not responded to the complaint. The Clerk of Court made an entry of default pursuant to Federal Rule of Civil Procedure 55(a) on September 14, 2005. The case is presently before the court on the defendants' motion to vacate entry of default. For the reasons that follow, the defendants' motion shall be denied.

## BACKGROUND

Ryder and Kohl's entered into a Truck Lease and Service Agreement in 1993, under which Ryder leased and serviced commercial vehicles for Kohl's. This agreement covered the time up to and including October 25, 2002. Kohl's obtained automobile liability insurance through Liberty Mutual. The terms of the agreement between Ryder and Kohl's provided that Kohl's had to

deliver leased vehicles to Ryder for maintenance and service for at least eight hours a week; that each vehicle would be operated by a licensed employee or agent of Kohl's; that Kohl's would maintain liability insurance to insure both Ryder and Kohl's; that if Kohl's failed to maintain such insurance, Kohl's was obligated to indemnify Ryder; and that Kohl's agreed to indemnify Ryder for all personal injury claims in excess of the liability insurance.

On October 25, 2002, Kohl's requested that Ryder pick up Unit No. 584615 from a Kohl's Distribution Center and take it to Ryder's service facility for maintenance and servicing. The vehicle, driven by Frank H. Rhoton, a Ryder employee, was involved in an accident between the Distribution Center and the service facility. Two personal injury actions, claiming a total of $275,000, arose from the accident. Kohl's and Liberty Mutual have not indemnified Ryder and Rhoton's estate. In their complaint, the plaintiffs requested declaratory relief, and claimed damages resulting from Kohl's and Liberty Mutual's breach of contract.

## DISCUSSION

The case is presently before the court on the defendants' motion to vacate entry of default. Rule 55(a) of the Federal Rules of Civil Procedure states that entry of default is properly granted if a party "has failed to plead or otherwise defend as provided by the rules." Fed. R. Civ. P. 55(a). The court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c).[1]

---

[1] In their memoranda, both parties also refer to Federal Rule of Civil Procedure 60(b), which applies when a final judgment has been issued. Fed. R. Civ. P. 60(b). To set such a judgment aside would require, "mistake, inadvertence, surprise, or excusable neglect." Id. Rule 60(b) is inapplicable to this case, however, because the appropriate standard is set forth in Rule 55, "until the non-defaulting party moves the district court, pursuant to Rule 55(b), for 'default judgment.'" See Carbon Fuel Co. v. USX Corp., 153 F.3d 719 (4th Cir. 1998) (unpublished table decision).

2

Federal Rule of Civil Procedure 55(c) must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987) (quoting Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969) ("Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits.")). The United States Court of Appeals for the Fourth Circuit has found that an entry of default should be set aside "where the moving party acts with reasonable promptness and alleges a meritorious defense." Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, 251 (4th Cir. 1967). Other factors to be considered by the court in vacating an entry of default include: the personal responsibility of the party; prejudice to the party; whether there is a history of dilatory action; and the availability of less drastic sanctions.[2] Lolatchy, 816 F.2d at 953.

## Good Cause

Unless the defendants demonstrate good cause, they are not entitled to relief from entry of the default. A defendant who, "does not explain or justify why [the defendant] did not respond in the first instance," lacks good cause. See Gutshall v. New Prime, Inc., 2000 WL 1132270 (W.D. Va. 2000).

The plaintiffs contend that the defendants in this case did not set forth a justifiable explanation for their failure to answer the complaint in a timely manner. The defendants claim that the summonses were served upon the defendants' agent, CT Corporation, on August 19, and

---

[2] Although these factors were originally applied to a Rule 60(b) motion, they provide useful guidelines in deciding whether to grant a Rule 55 motion. See Colleton Preparatory Acad., Inc. v. Beazer East, Inc., 223 F.R.D. 401, 405 (D. S.C. 2004). See also Lolatchy, 816 F.2d at 953 (using these factors in deciding whether the district court abused its discretion in entering default).

3

forwarded to Kohl's on August 22. Kohl's sent the summons to Liberty Mutual, who received the summons on September 12. The defendants cite no other reason for the delay.

Service was clearly completed and the delay attributable to communications between the defendants and their agents does not support a finding of good cause. The defendants knew of impending deadlines and could have faxed the papers rather than mailing them to assure they reached the hands of the party responsible for answering the summons and complaint.

## Reasonable Promptness

The clerk entered default on September 14, 2005, and the defendants' motion to vacate entry of default was filed on September 19, 2005. There is no bright-line standard for reasonable promptness; whether a party has acted with reasonable promptness "must be gauged in light of the facts and circumstances of each occasion." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). The court finds that, under the circumstances and in comparison of this time period to other cases, this motion was filed promptly. See, e.g., Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988) (moving for relief within two weeks of the entry of the judgment satisfied the promptness requirement).

## Meritorious Defense

To establish a meritorious defense, the defendant must make "a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." United States v. Moradi, 673 F.2d at 727. The issue is, "whether there is some possibility that the outcome ... after a full trial will be contrary to the result achieved by the default." Augusta Fiberglass, 843 F.2d at 812.

4

As a defense, the defendants refer to Paragraph 3 of the Amendment to Paragraph 10(A)(1) of the Lease Agreement. According to the defendants, the Amendment provides that the insurance of the defendants is not required to cover the vehicle while it is in Ryder's "sole care, custody, and control for the maintenance services contemplated by this Agreement."

Paragraph 10(A) allows an exception to the insurance obligations if Ryder was negligent in failing to properly maintain a vehicle and the vehicle was in Ryder's sole care, custody, and control for maintenance. Without evidence that Ryder was negligent, the exception to the defendants' obligations to insure the plaintiffs cannot be met and there is no meritorious defense.

The court finds that the plain language of the Agreement supports this interpretation. As the Agreement states:

> covering both Ryder and Customer as insureds for the ownership, maintenance, use or operation of the Vehicles and any substitute vehicle unless due to Ryder's sole negligence in failing to properly maintain any vehicle or substitute vehicle but only while a Vehicle or substitute vehicle is in Ryder's sole care, custody and control for the maintenance services contemplated by this Agreement.

Therefore, the defendants do not assert a meritorious defense by stating that the vehicle was in the "sole care, custody, and control" for maintenance services.

The court also finds that the other defense proposed by the defendants would not be sufficient to allow the court to find for the defaulting party. The defendants argue that the agreement did not describe how the vehicles would be returned for service, and Rhoton was a Ryder employee, not a servant or agent of Kohl's. Even if this evidence were found to be true, however, it would not provide a dispositive defense.

5

The defendants have not presented any evidence suggesting that the plaintiffs will be unable to vindicate their claims at trial. The court therefore finds that the defendants have not presented a meritorious defense in support of their motion to vacate entry of default.

### Responsibility for Default

Of the four factors to be considered by the court in addition to good cause, other courts have found that the "party bearing the responsibility for default" is the most significant factor. See Augusta Fiberglass, 843 F.2d at 811. The Court of Appeals for the Fourth Circuit has clearly distinguished between cases in which the party was responsible for default and cases in which the party's attorney was responsible for default. The Court explained that:

> [t]his focus on the source of the default represents an equitable balance between our preference for trials on the merits and the judicial system's need for finality and efficiency in litigation. When the party is blameless and the attorney is at fault, the former interests control and a default in judgment should ordinarily be set aside. When the party is at fault, the latter interests dominate and the party must adequately defend its conduct in order to show excusable neglect.

Id.

A case with similar facts to the instant case has been decided by the Court of Appeals for the Fourth Circuit. The Court upheld a judgment of default in a case in which the defendant received process, but never relayed the process to his attorneys. See Park Corp. v. Lexington Ins. Co., 812 F.2d 894 (4th Cir. 1987). The defendant asserted that the summons was received but lost, and therefore never forwarded the summons to the attorney. Id. at 897. The Court found that this was not sufficient to constitute a grounds for relief, and to grant relief would "allow defaulting defendants to escape the consequences of their inaction ...." Id.

In this case, the summonses were served upon the defendants' agent, CT Corporation, on August 19. The complaint was transmitted to Kohl's on August 22, and it is unknown when the

Case 5:05-cv-00054-GEC Document 19 Filed 12/19/05 Page 6 of 8 Pageid#: 96

summons was forwarded directly to Liberty Mutual from CT Corporation. Kohl's sent the summons to Liberty Mutual, and Liberty Mutual received the summons on September 12. On September 12, Liberty Mutual sent the summons and complaint to their attorneys. As in Park, the defendants received the summons and complaint, and the default resulted from a failure to forward the information to their attorneys. The court therefore concludes that the defendants were responsible for the default.

## Prejudice, Availability of Less Drastic Sanctions, and History of Dilatory Conduct

The court finds that the plaintiffs have suffered prejudice due to the several months of delay caused by the motion to vacate entry of default, and that no sanction other than default would be appropriate. In the underlying personal injury action, the plaintiffs incurred legal expenses and had to pay costs that would have been borne by the defendants if this case had been decided in favor of the plaintiffs. In addition, uncertainty as to whether the plaintiffs would be indemnified put them in a difficult negotiation posture in the underlying personal injury action. Although it is too early in the proceedings to assert that the defendants showed a history of dilatory conduct, the court finds that delay at the initial stage of the proceeding had a significant impact on the case.

## Summary

For these reasons, the court concludes that the defendants have not demonstrated good cause for vacating the entry of default. The court finds that the defendants have not asserted a meritorious defense, and that the defendants bear the entire responsibility for the default. In addition, the delay ensuing from the entry of default and the defendants' motion to vacate significantly prejudiced the plaintiffs. Accordingly, the defendants have not met their burden to

justify relief under Federal Rule of Civil Procedure 55(c), and the court must deny their motion to vacate entry of default.[3]

## **CONCLUSION**

For the reasons stated, the defendants' motion to vacate entry of default is denied. The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTER: This 16th day of December, 2005.

*[signature]*
United States District Judge

---

[3] Even if Rule 60(b) applies, the court denies the defendants' motion, as the standard for vacating a judgment is more difficult to satisfy under Rule 60 than the standard under Rule 55. The court finds that the defendants have failed to meet their burden of demonstrating "mistake, inadvertence, surprise, or excusable neglect." See Fed. R. Civ. P. 60(b).

8